UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

----oo0oo----

RUBIO IZAGUIRRE, an individual,

    Plaintiff,

  v.

GREENWOOD MOTOR LINES, INC., an Ohio corporation, d/b/a R+L CARRIERS and John/Jane Does I through X, whose true identities are presently unknown,

    Defendants.
_____/

NO. CIV. 1:10-581 WBS

MEMORANDUM AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT, TO AMEND, AND TO MODIFY CASE MANAGEMENT ORDER

----oo0oo----

    Plaintiff Rubio Izaguirre brought this action against defendant Greenwood Motor Lines, Inc. ("Greenwood") arising out of defendant's alleged discrimination in the workplace on the basis of disability. Presently before this court is defendant's motion for summary judgment pursuant to Rule 56, plaintiff's motion to amend complaint, and plaintiff's motion to modify case management order.

///

I. <u>Factual and Procedural Background</u>

Plaintiff was employed by R&L Carriers Shared Services, LLC ("R&L") from May 2006 until he was terminated in 2009. (Curl Aff. at 2 (Docket No. 32-1).) During this period, R&L was listed as the payor on plaintiff's paychecks and W-2 forms. <u>Id.</u> On August 10, 2009, plaintiff filed charges with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC") against R&L for discrimination based on disability. (Curl Aff. at 2 (Docket No. 24-3).)

Plaintiff filed this Complaint on November 22, 2010, against defendant. (Docket No. 1.) On January 18, 2011, defendant answered plaintiff's Complaint. (Docket No. 4.) Defendant's first affirmative defense stated that: "[t]he Complaint fails to state a claim upon which relief can be granted because Plaintiff has not sued his employer." (<u>Id.</u> at 3.)

The parties submitted a stipulated litigation plan on March 17, 2011, that included a proposed deadline for amendment of pleadings and joinder of parties. (Docket No. 11.) On March 21, 2011, the court issued a Case Management Order that ordered that amendment of pleadings and joinder of parties was to be completed on or before June 27, 2011. (Docket No. 12 at 1-2.)

On May 16, 2011, the parties unsuccessfully mediated the case. (Reply in Supp. of Mot. for Summ. J. at 3 (Docket No. 29).) Both defendant and R&L participated in the mediation. Defendant alleges that R&L was present at the mediation because the mediation was also attempting to settle plaintiff's workers compensation case, which plaintiff had filed against R&L. <u>Id.</u>

On May 24, 2011, the case was reassigned. (Docket No.

18.) The court issued an order stating that "[a] Case Management Order was issued prior to the reassignment (Docket No. 12) and the deadlines set forth in that Order will govern this case." Id.

On May 31, 2011, plaintiff stipulated to the filing of an amended answer. (Docket No. 19.) Defendant amended its first affirmative defense to read:

> The Complaint fails to state a claim upon which relief can be granted because Plaintiff has not sued his employer. Plaintiff was employed by R&L Carriers Shared Services, LLC. <u>R&L Carriers Shared Services, LLC expects Plaintiff to promptly amend his Complaint</u>, so as to dismiss Greenwood Motor Lines, Inc. and R&L Carriers."

(Docket No. 21 at 3) (emphasis added).

On June 23, 2011, defendant served its responses to plaintiff's requests for admission, which were part of plaintiff's first set of written discovery. (Monteleone Aff. Ex. 3 (Docket No. 30).) In response to each question, defendant responded: "Greenwood never employed Mr. Izaguirre. Greenwood, therefore, can neither admit nor deny" the request for admission. Id.

On June 27, 2011, the deadline for amendment of pleadings and joinder of parties expired. On June 30, 2011, defendant moved for summary judgment. (Docket No. 24.) Later that same day, plaintiff moved to amend the Complaint to replace defendant with R&L. (Docket No. 25.) On August 11, 2011, plaintiff moved to modify the case management order to extend the deadline to amend the pleadings. (Docket No. 30.)
///
///

3

II. Discussion

    A. Motion to Amend

    Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend "shall be freely given when justice so requires." Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999) (quoting Fed. R. Civ. P. 15(a)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).

    Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. "If [the moving] party [is] not diligent, the inquiry should end." Id. Generally, "carelessness is not compatible with a finding of diligence and offers no reason to grant relief." Id.

    In Johnson, the Ninth Circuit upheld the denial of a motion to amend under very similar circumstances. As in this case, Johnson sued the wrong defendant after suffering a ski injury. Id. at 606. In its answer, Mammoth Recreations, Inc. ("Mammoth Recreations") denied ownership or operation of the ski

4

resort where Johnson's injury occurred. During discovery, Mammoth Recreations responded to interrogatories stating that "Mammoth Recreations, Inc. neither owns nor operates the [ski resort] premises." Id. After Johnson failed to amend his pleadings, Mammoth Recreations contacted Johnson's counsel to reiterate that Mammoth Recreations was a holding company and offered to stipulate to the substitution of Mammoth Mountain Ski Area, Inc. as the defendant. Id. at 607. Johnson's counsel took no further action. Id. Mammoth Recreations moved for summary judgment four months after the deadline for amendment had expired based on Johnson's failure to name the proper party and Johnson moved to amend. Id. The district court granted Mammoth Recreations's motion for summary judgment, finding an absence of "extraordinary circumstances" that would justify plaintiff's untimely amendment.[1] Id. The Ninth Circuit affirmed, noting that Johnson's carelessness and lack of diligence upon being notified that Mammoth Recreations was not the proper defendant did not meet Rule 16(b)'s good cause standard. Id. at 609-10.

Plaintiff fails to demonstrate diligence prior to the amendment deadline. On multiple occasions, defendant alerted plaintiff to the fact that it was not plaintiff's employer. Plaintiff was first notified when defendant filed its answer to

---

[1] In oral arguments, plaintiff argued that the Johnson court relied on language in the case management order stating that "extraordinary circumstances" were needed to amend the case management order in addition to meeting Rule 16's requirement. This argument ignores the court's finding that "as a practical matter, extraordinary circumstances is a close correlate of good cause." Johnson, 975 F.2d at 610. As the decision in Johnson is primarily based upon an analysis of Rule 16, this court's reliance on the decision is proper.

5

the Complaint on January 18, 2011, almost six months prior to the deadline to file amendments. Plaintiff was notified a second time when defendant amended its answer to the Complaint on May 31, 2011, almost a month before the pleadings deadline. In this notification, defendant specifically stated that the proper defendant was R&L Carriers Shared Services, LLC, which "expect[ed] Plaintiff to promptly amend his Complaint." (Docket No. 21 at 3.) Finally, plaintiff was notified a third time when defendant served its responses to plaintiff's requests for admission on June 23, 2011. Plaintiff failed to heed these clear and repeated signals that the proper party had not been named in the Complaint. It appears to the court that plaintiff's attorneys "filed pleadings and conducted discovery but failed to pay attention to the responses they received. That is precisely the kind of case management that Rule 16 is designed to eliminate." Johnson, 975 F.2d at 610.

Plaintiff argues that he exercised diligence by filing his motion to amend only three days after the pleadings deadline, thus distinguishing the circumstances here from those in Johnson. However, plaintiff's motion is responsive to defendant's motion for summary judgment filed early that day. Had defendant waited four months to file its motion for summary judgment, as the defendant did in Johnson, there is nothing to suggest that plaintiff would have affirmatively moved to amend his pleadings in the meantime.

If plaintiff believed that a corporate relationship existed between defendant and R&L that would justify filing only against defendant, it was incumbent upon him to conduct early

6

discovery on that particular issue. Plaintiff's first set of written discovery contained fifty-eight requests for production that appear to assume that defendant employed plaintiff directly and do not specifically address defendant's relationship with R&L. Plaintiff's recharacterization of his discovery requests as being directed at uncovering the corporate relationship between defendant and R&L is contrived at best.

Plaintiff cites several authorities for the proposition that information uncovered during discovery can justify post-deadline amendment of the pleadings. In these cases, post-deadline amendment was permitted due to new and unanticipated information produced after the amendment deadline. See, e.g., Ciena Corp. v. Nortel Networks, Inc., 233 F.R.D. 493, 495 (E.D. Tex. 2006) (allowing post-deadline amendments of pleadings based on information obtained after the amendment deadline). Plaintiff points to no evidence discovered after the amendment deadline that would constitute good cause and justify his untimely motion.

Delay due to untimely or misleading discovery responses can constitute good cause for untimely amendments to pleadings. See Pears v. Mobile Cnty., 645 F. Supp. 2d 1062, 1085-86 (S.D. Ala. 2009) (finding good cause for post-deadline amendment where defendant misled plaintiff as to its correct name). Plaintiff argues that defendant's failure to meaningfully participate in discovery negatively impacted his ability to litigate the matter.

Plaintiff received defendant's initial responses to the interrogatories on June 23, 2011, several days prior to the deadline to amend the pleadings. At that time, if plaintiff was not satisfied with the discovery responses, he could have amended

his Complaint, moved to compel additional discovery, or moved to modify the case management order to extend the deadline to modify the pleadings. Plaintiff did none of those things, and instead waited until defendant filed its motion for summary judgment to take any action on the matter.

In Pears v. Mobile County, 645 F. Supp. 2d 1062 (S.D. Ala. 2009), the court found that where the defendant carefully worded its discovery responses and pleadings to mislead plaintiff, the behavior constituted good cause to allow the plaintiff to amend his pleadings after the amendment deadline. Id. at 1085-86. There were no such misleading discovery responses present in this case. Defendant pled as an affirmative defense in its answer to the Complaint that plaintiff was not employed by defendant. Defendant further amended its answer to the Complaint to specify that R&L was plaintiff's employer and therefore the proper defendant. Unlike in Pears, at no time during discovery did defendant suggest or imply that it employed plaintiff.[2] Defendant's behavior in this case has not been

---

[2] Plaintiff argues that defendant's last-minute refusal to produce Mr. Gournichec for a deposition scheduled on July 27, 2011, prevented plaintiff from properly litigating the action. Plaintiff further argues that by scheduling the deposition, defendant mislead plaintiff into believing that defendant was a proper party that employed Mr. Gournichec. Although defendant's behavior in scheduling the deposition is questionable, when viewed in the context of defendant's clear efforts to deny that it employed plaintiff, it is not sufficient to show good cause for plaintiff's motion. Furthermore, any harm that plaintiff suffered as a result of defendant's last-minute cancellation of the deposition cannot be used to explain why plaintiff failed to amend his Complaint prior to the June 27, 2011, pleadings deadline as the deposition was scheduled to occur one month later.
Plaintiff also argues that R&L's participation in mediation was misleading. However, it appears that the mediator

sufficiently untimely or misleading to justify delay by plaintiff in amending his Complaint.

Regardless of defendant's responsiveness to plaintiff's discovery requests, plaintiff should have known the identity of his employer without conducting discovery. R&L was the payer on plaintiff's paychecks and W-2 forms, plaintiff named R&L in his charge with the EEOC and IHRC, and plaintiff had previously filed a workman's compensation claim against R&L as his employer. (Curl Aff. (Docket No. 32-1).) Plaintiff's ability to immediately file a motion to amend the Complaint to substitute R&L as the defendant on the very day that defendant filed its motion for summary judgment is further proof that plaintiff did not need additional discovery to determine that defendant was an improper party.

Rule 16(b) does not require a showing of prejudice, although it may be considered at the court's discretion when applying the good cause standard. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000). As plaintiff has failed to show good cause for his untimely motion to amend, a finding of prejudice is not necessary in this case. Plaintiff, however, argues that amendment should be allowed because R&L will not be prejudiced as leave to amend was filed only three days after the amendment deadline and R&L was aware of the suit.

Plaintiff's reliance on Krupski v. Costa Crociere S.p.A., --- U.S. ----, 130 S. Ct. 2485 (2010), to show the relevance of R&L's awareness of the suit is improper. In

---

was also trying to settle plaintiff's workman's compensation claim, in which R&L was a named party as plaintiff's employer.

Krupski, the Supreme Court held that the proper party's prior knowledge of the suit was relevant when considering relation back under Rule 15(c)(1)(C). Id. at 2489-90. The propriety of relation back is only relevant after a court has determined that amendment to the pleadings would otherwise be proper. See Grimsley v. Methodist Richardson Med. Ctr. Found., Inc., No. 3:09-CV-2011-D, 2011 WL 825749, at *6 n.7 (N.D. Tex. Mar. 3, 2011). The fact that R&L's parent company, R&L Carriers, was named as the d/b/a in the original pleadings does not change the court's analysis. Even though defendant may be a corporate cousin of R&L, plaintiff still sued the wrong entity. If suing the holding company of the proper defendant was not sufficient in Johnson, suing a subsidiary of the proper defendant doing business as the proper defendant's parent company is not sufficient here.

Furthermore, defendant's litigation strategy up to this point has been shaped by plaintiff having named the wrong defendant. Defendant relied upon this representation in making the motion for summary judgment discussed below, and in responding to and conducting discovery. The substitution of an entirely different defendant will result in wasted discovery time, and will likely result in duplication of discovery efforts and the need for additional discovery necessitating an extension in deadlines. Accordingly, the court will deny plaintiff's motion to amend the Complaint.

B. Motion to Modify Case Management Order

The Case Management Order specified that the deadline to amend the pleadings "shall only be extended for good cause

10

shown" under the restrictive provisions of Rule 16.  (Docket No. 12, ¶ 1.)  This is the same standard that the court has applied to plaintiff's motion to amend the pleadings.  Accordingly, the court will deny plaintiff's motion to modify the case management order.

    C.    <u>Motion for Summary Judgment</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial.  <u>Id.</u>

Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'"  <u>Id.</u> at 324 (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  <u>Matsushita</u>

11

Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Id. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." Id.

The American with Disabilities Act ("ADA") prohibits discrimination based upon disability. Claims for violations under the ADA may only be brought against a plaintiff's employer. See 42 U.S.C. § 121112(a). Defendant moves for summary judgment on the grounds that it did not employ plaintiff and therefore cannot be sued for violations of the ADA.

Plaintiff does not claim that he was employed by defendant. Rather, plaintiff argues that under the single-employer doctrine defendant and R&L should be treated as a single employer. "Under the 'single employer' doctrine, two nominally separate companies may be so interrelated that they constitute a single employer subject to liability under Title VII." Torres-Negron v. Merck & Co., Inc., 488 F.3d 34, 40-41 (1st Cir. 2007). In Morgan v. Safeway Stores, Inc., 884 F.2d 1211 (9th Cir. 1989), the Ninth Circuit held that two entities should be treated as one for the purposes of an employment discrimination claim if they

have: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." Id. at 1213.

Plaintiff alleges that defendant and R&L have "the same management, directors, and officers." (Aff. of Counsel at 2 (Docket No. 26-2).) Plaintiff also points to the similarity between defendant's assumed business name, R&L Carriers, and R&L's name as evidence of their interrelatedness. (Opp. to Mot. for Summ. J. at 6-7 (Docket No. 26-1).) Plaintiff further alleges that defendant is wholly owned by R&L Carriers. (Reply in Supp. of Mot. to Amend at 5 (Docket No. 30).)

Plaintiff's factual allegations fall far short of creating a genuine issue for trial. As it is "entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary," United States v. Bestfoods, 524 U.S. 51, 68 (1998), the overlap of directors and officers alone does not indicate that the entities act as a single employer. Furthermore, Plaintiff fails to establish the existence of centralized control of employment decisions and labor relations, nor does he show that any of defendant's directors were involved in the discriminatory decision. See Johnson v. Crown Enters., Inc., 398 F.3d 339, 343 (5th Cir. 2005) (stating that the "most important" determination under the single-employer test is "[w]hat entity made the final decision regarding employment matters relating to the person claiming discrimination").

In the event that the court is inclined to grant defendant's motion for summary judgment, plaintiff requests further discovery pursuant to Federal Rule of Civil Procedure

13

56(d) on the issue of the corporate relationship between defendant and R&L.³ When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(d) permits the party to submit an affidavit or declaration stating the reasons the party is unable to present the evidence, and the court may continue or deny the motion if the opposing party needs to discover essential facts. See Garrett v. City & Cnty. of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987) (citing Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986); Hancock v. Montgomery Ward Long Term Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986)). The burden is on the party seeking additional discovery pursuant to Rule 56(d) to demonstrate that (1) the information sought would prevent summary judgment, and (2) the information sought exists. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996).

Rule 56(d) requires that "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiff fails to properly move for additional discovery under Rule 56(d). First, plaintiff did not submit an affidavit or declaration to the court explaining why he is unable to present the facts necessary to oppose defendant's motion.

---

³ Plaintiff technically requests additional time to conduct discovery pursuant to Rule 56(f). The 2010 amendments to the Federal Rules of Civil Procedure Rule replaced Rule 56(f) with Rule 56(d). The Committee Notes clarify that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 Advisory Committee's Note. The court will therefore interpret plaintiff's request for further discovery as being pursuant to Rule 56 (d).

"Failure to comply with the requirements of [Rule 56(d)] is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986).

Second, plaintiff fails to describe how the information sought would prevent summary judgment. Plaintiff requests additional time to conduct discovery on the corporate relationship between defendant and R&L. However, in order to survive the motion for summary judgment, plaintiff would also need to show "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination." Crown Enters., 398 F.3d at 343. Discovery of such information is not included in plaintiff's request for additional discovery pursuant to Rule 56(d).

Finally, plaintiff has failed to demonstrate why he is unable to present the facts necessary to oppose this motion. As discussed above, plaintiff was on notice of defendant's affirmative defense. There was sufficient time for plaintiff to have conducted discovery on this issue or filed a motion to compel discovery already requested prior to the motion for summary judgment. Discovery in this case was ongoing until the court granted plaintiff's unopposed motion to stay discovery on September 15, 2011. Plaintiff had over two months from the filing of defendant's motion for summary judgment to move to compel discovery, yet plaintiff never did so.

For the foregoing reasons, plaintiff's request for additional time to conduct discovery pursuant to Rule 56(d) must be denied, and defendant's motion for summary judgment must be

granted.  The court is aware that the section of the Idaho Code implementing the ADA provides that "[a] complainant may file a civil action in district court within ninety (90) days of issuance of the notice of administrative dismissal."  Idaho Code Ann. § 67-5908. Accordingly, since plaintiff received notice of his right to sue from the EEOC on October 5, 2010, and from the IHRC on September 16, 2010, (Compl. ¶ 9), his ability to refile his claim may well be barred. Because plaintiff will not likely be able to refile his claims against his proper employer due to the lapse of the statute of limitations, he may have to seek whatever relief he may be entitled to receive elsewhere.

IT IS THEREFORE ORDERED that:

(1) Plaintiff's motion to amend the Complaint be, and the same hereby is, DENIED;

(2) Plaintiff's motion to modify the case management order be, and the same hereby is, DENIED; and

(3) Defendant's motion for summary judgment be, and the same hereby is, GRANTED.

DATED: November 3, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE